IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLIE L. JACKSON                                                                            PLAINTIFF

VS.                                         CASE NO. 06-CV-4052

SMITH-BLAIR, INC.                                                                          DEFENDANT

**ORDER**

    Before the Court is Defendant Smith-Blair, Inc.'s Motion for Judgment on the Pleadings. (Doc. 7). Plaintiff Charlie L. Jackson has responded. (Doc. 9). Smith-Blair has filed a reply to Plaintiff's response. (Doc. 10). The Court finds the matter ripe for consideration.

BACKGROUND

    Charlie L. Jackson brings this lawsuit to challenge the legality of his termination from Smith-Blair, Inc. Jackson worked for Smith-Blair from February 5, 1996 through October 8, 2003. At the time of his termination, Jackson was a shot blast operator and worked cleaning steel parts. (Doc. 1, pg. 2). On September 29, 2003, Jackson suffered an on-the-job injury and was required to take a drug test pursuant to company policy. Jackson tested positive for illegal drugs and controlled substances. (Doc. 2, pg. 6). Smith-Blair terminated Jackson as a result of the failed drug test. Jackson filed a Charge of Discrimination with the EEOC on February 7, 2004, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and discrimination based upon an unspecified disability in violation of the Americans with Disabilities Act of 1990. On March 30, 2004, the EEOC issued Jackson a Dismissal and Notice of Rights. The EEOC indicated that it could not conclude that Smith-Blair had violated the cited employment statutes, and that Jackson had 90 days to file suit if he wished to do so. Jackson brought suit in this Court 87 days later, on June 25, 2004. *See Jackson v. Smith Blair, Inc.*, Case No. 04-CV-4094 (W.D. Ark. 2004).

In that first action, Jackson took a voluntary non-suit, and this Court dismissed his case without prejudice on August 10, 2005. Jackson brought the present lawsuit on July 11, 2006. (Doc. 1).

STANDARD OF REVIEW

Smith-Blair moves for judgment on the pleadings, contending that Jackson's claims are barred by applicable statutes of limitations, and fail to state a claim upon which relief can be granted. A party may move for judgment on the pleadings after the pleadings are closed, but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are evaluated under the same standards as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. *Glover v. Merck & Co., Inc.,* 345 F. Supp. 2d 994, 996 (D. Minn. 2004)( *citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.,* 857 F.2d 1185, 1187 (8th Cir. 1988)). In considering a motion to dismiss for failure to state a claim, the Court must construe the complaint liberally in favor of the plaintiffs and accept the allegations of the complaint as true. *Hudson v. Norris,* 227 F.3d 1047, 1054 (8th Cir. 2000). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the Court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990).

Smith-Blair has submitted to the Court for consideration matters outside the pleadings. (Doc. 7, attachments 1, 2). When ruling on either a Rule 12(b)(6) motion or a Rule 12(c) motion, the Court generally must ignore matters outside the pleadings. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999). If the Court considers evidence outside the pleadings, it must normally convert the motion into a summary judgment motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 698 (8th Cir. 2003).

However, the Court may consider, without converting the motion to a summary judgment motion, exhibits attached to the complaint, materials that are necessarily embraced by the complaint, and materials that are part of the public record. *See Mattes,* 323 F.3d at 698 (in deciding a motion to dismiss, the court may consider exhibits to the complaint and materials embraced by the complaint); *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003)("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.") (citations omitted); *Faibisch v. University of Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002)("When deciding Rule 12(c) motions, however, courts may rely on matters within the public record."); *Porous Media Corp.,* 186 F.3d at 1079 (Court may consider "some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings").

The documents submitted for consideration of the instant motion which are outside the pleadings of this case are Jackson's EEOC Charge of Discrimination and Dismissal and Notice of Rights. These EEOC documents are part of the public record. *See Faibisch*, 304 F.3d at 802-03. As a result, the Court can consider Jackson's EEOC Charge of Discrimination and Dismissal and Notice of Rights in deciding the Motion for Judgment on the Pleadings without converting the motion into one for summary judgment.

## DISCUSSION

In its motion, Smith-Blair urges the Court to dismiss Jackson's case as time barred. Title VII actions are governed by a federal statute of limitations which requires that an action be brought within 90 days after the plaintiff receives notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1).

Smith-Blair correctly argues that because Title VII actions are governed by a federal statute of limitations, the Arkansas savings statute, Ark. Code Ann. § 16-56-126, is inapplicable. *See Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter."); *Gatlin v. Missouri Pac. R.R. Co.,* 631 F.2d 551 (8th Cir. 1980) (Arkansas saving clause at issue here held inapplicable to action under federal Railway Labor Act, which has its own federal statute of limitations); *Davis v. Smith's Transfer, Inc.,* 841 F.2d 139, 140 (6th Cir. 1988) (state savings statute inapplicable in hybrid suit under § 301 of the Labor Management Relations Act); *Johnson v. Ry. Express Agency, Inc.,* 489 F.2d 525 (6th Cir. 1973), *aff'd,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (State saving clause giving one year to refile after dismissal without prejudice held inapplicable to Title VII claim); *Victor Foods, Inc. v. Crossroads Economic Development of St. Charles County, Inc.,* 977 F.2d 1224, 1227 (8th Cir. 1992) (state savings statute inapplicable in breach of contract/fraud action against Small Business Administration which is governed by federal statute of limitations). The 90-day limitation period for Title VII actions is jurisdictional and thus cannot be extended by leave of court or upon equitable considerations. *Hinton v. CPC International, Inc.,* 520 F.2d 1312 (8th Cir. 1975). Some circuits have suggested, as a matter of federal law, that the 90-day limitation period begins to run again after a dismissal without prejudice. *See, e.g., Johnson v. Ry. Express Agency, Inc.,* 489 F.2d at 529. However, the Eighth Circuit has stated that "dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1194 (8th Cir. 1976).

The result in this case is clear. Jackson filed his first lawsuit contesting the validity of his termination, Case No. 04-CV-4094, 87 days after receipt of the right-to-sue letter. This lawsuit, Case

No. 06-CV-4052 was filed July 11, 2006, 833 days after his receipt of the right-to-sue letter.  Since this lawsuit was not brought within 90 days of Jackson's receipt of notice of his right to sue, it is barred by the applicable federal statute of limitations.  *See* 42 U.S.C. § 2000e-5(f)(1); *Garrison v. International Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983).  As all of Jackson's claims are thus time barred, the Court need not consider the remainder of Smith-Blair's arguments in support of its Motion for Judgment on the Pleadings.

## CONCLUSION

For the reasons stated herein and above, Defendant Smith-Blair, Inc.'s Motion for Judgment on the Pleadings should be and hereby is **GRANTED**.  This case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 24th day of October, 2006.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge